399 So.2d 711 (1981)
Rex NELSON
v.
APPALACHIAN INSURANCE COMPANY OF PROVIDENCE.
No. 14176.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Roger M. Fritchie, Baton Rouge, for plaintiff-appellant Rex Nelson.
John Dale Powers, Baton Rouge, for defendant-appellee Appalachian Insurance Co. of Providence.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
In 1974, Rex Nelson sued John D. Newman, Jr., on a $72,000 note. Following trial, judgment was signed in favor of defendant dismissing plaintiff's claim at his costs, including $250.00 in expert witness fees. Plaintiff appealed but counsel failed to file timely the appeal bond. This court dismissed plaintiff's appeal and the Supreme Court denied certiorari.
In the present case, plaintiff, Rex Nelson, brought a direct action for legal malpractice against Appalachian Insurance *712 Company of Providence,[1] the malpractice insurer of plaintiff's counsel in the original suit. By stipulation, no testimony was elicited but the entire record of the original suit was introduced. Subsequent to trial, judgment was signed in favor of Appalachian Insurance Company dismissing plaintiff's suit at his cost. Plaintiff appeals. We affirm.
In order to prevail in a legal malpractice suit involving alleged mishandling of a prior suit, a plaintiff must show that because the prior suit was mishandled, plaintiff lost the original suit or had his position otherwise impaired. Alfonso v. McIntyre, 387 So.2d 1348 (La.App. 1st Cir. 1980), writ denied 392 So.2d 693 (1980); Tassin v. Labranche, 365 So.2d 31 (La.App. 4th Cir.1978). Applied to the present case, this rule requires us to determine whether appellant would have prevailed on appeal against John D. Newman, Jr., had the original appeal been timely perfected.
At the original trial, one of the defenses offered to plaintiff's claim was that there was a subsequent agreement between Nelson and Newman to forgive the note. In an excellent opinion thoroughly treating all germane issues, Judge Tanner found, among other things, that this defense was valid. Several careful readings of the entire record convince us that Judge Tanner was correct and that there was indeed an agreement to forgive the note. Appellant, therefore, could not have prevailed on appeal.
Although appellant urges otherwise, it is clear that there is no requirement that the subsequent modification or revocation of a contract required to be in writing be in writing itself. Kaplan v. University Lake Corporation, 381 So.2d 385 (La.1979).
For the foregoing reasons, the judgment appealed from is affirmed. All costs, both trial and appellate, are to be paid by Rex Nelson.
AFFIRMED.
NOTES
[1] Answer was filed and the suit was defended by Appalachian Insurance Company.