492 So.2d 89 (1986)
JENKINS CONSTRUCTION CORPORATION
v.
The DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, State of Louisiana.
No. 85 CA 0473.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Rehearing Denied August 20, 1986.
Writ Denied November 14, 1986.
Davis B. Allgood, Leon Gary, Jr., Baton Rouge, for plaintiff-appellant Jenkins Const. Corp.
William J. Doran, Jr., Frank Gremillion, Baton Rouge, for defendant-appellee Department of Transp. and Development, State of La.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
WATKINS, Judge.
On March 24, 1983, the Louisiana Department of Transportation and Development (DOTD) awarded Jenkins Construction Corporation (Jenkins) a contract for the construction of State Project No. 258-02-21, a segment of Perkins Road between College Drive and Dawson Creek, in East Baton Rouge Parish. Jenkins fell very much behind schedule in the work, and under the provisions of the contract was issued a Disqualification Letter on July 30, 1984, disqualifying it from participating in future DOTD projects. Also, a Disqualification Review Board met and determined that, as Jenkins had not timely protested the monthly E-14 forms, issued by the DOTD, setting forth the number of working *90 days that had elapsed during the month, Jenkins should be disqualified.[1]
As a result of this action, Jenkins applied for a temporary restraining order, preliminary and permanent injunctions, and a declaratory judgment. A temporary restraining order was issued. On February 26, 1985, a hearing was held at which by agreement of counsel the sole issue was the issuance of a preliminary injunction. After a lengthy hearing, the trial court declined to issue a preliminary injunction. From that judgment, Jenkins appeals. We affirm.
Jenkins contends that it must be granted a hearing under the provisions of the Administrative Procedure Act before being held disqualified. However, the Administrative Procedure Act (LSA-R.S. 49:950, et seq.) does not create any independent right to a hearing but applies only when the Constitution or a statute directs its application. See, Hagood v. Pickering, 385 So.2d 405 (La.App. 1st Cir.1980), writ granted and case remanded on other grounds, 386 So.2d 359 (La.1980). In the present case, the contract between the DOTD and Jenkins specially provided for disqualification of the contractor by a procedure not involving the Administrative Procedure Act. As a contract is the law between the parties (LSA-C.C. art. 1945), Jenkins was denied no constitutional or substantive right.
Further, while the matter is before us on denial of a preliminary injunction, and not on the denial of a permanent injunction or a declaratory judgment, we note that by virtue of the construction contract disqualification is automatic, or virtually so when the unprotested E-14 forms indicate the contractor is a specified percentage behind in construction. Although Eugene Waguespack, Chief Construction Engineer for the DOTD, indicated that leniency is extended in certain exceptional cases, the record does not disclose any general pattern of leniency. Although a contract may be modified by practice between the parties, see, Bank of Louisiana in New Orleans v. Campbell, 329 So.2d 235 (La.App. 4th Cir.1976), writ denied, 332 So.2d 866 (1976), we know of no rule of law that would permit a practice infrequently engaged in by the DOTD and a third party contractor to become the law between the DOTD and Jenkins. Thus, while we do not have the substantive issue of the correctness of the Disqualification Letter squarely before us on denial of a preliminary injunction, it would appear Jenkins was denied no substantive right.
Accordingly, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.
NOTES
[1] E-14 forms are furnished monthly and contain an initial written determination of working days by the Project Engineer to the contractor. The contractor is allowed ten days by contract in which to file a written protest setting forth in what respect, if any, the monthly statement is incorrect. If no protest is filed, the statement is deemed to have been accepted by the contractor as correct.