**Randall FRIOU, Plaintiff–Appellant,**

v.

**PHILLIPS PETROLEUM COMPANY, Defendant–Appellee.**

**Rosa A. FRIOU, Plaintiff–Appellant,**

v.

**PHILLIPS PETROLEUM COMPANY, Defendant–Appellee.**

No. 91–4141.

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1991.

Rehearing Denied Jan. 30, 1992.

Charles B. Colvin, New Orleans, La., for plaintiff-appellant.

Michael R. Mangham, Lisa D. Hanchey, Mangham, Hardy, Rolfs, & Abadie, Lafayette, La., for defendant-appellee.

Before WILLIAMS, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

DUHÉ, Circuit Judge.

This case presents issues whether the owner of an offshore platform is strictly liable to an employee of an independent contractor when the employee is injured by the platform owner's tool and whether genuine issues of material fact were raised as to the platform owner's negligence. We affirm summary judgment for the owner on the strict liability issue, but we find issues of material fact on the question of negligence. The negligence issue, therefore, must be remanded for trial.

## I.

Phillips Petroleum engaged Gulf/Inland Contractors (GIC) as an independent contractor for a project on Phillips' offshore platform. Randall Friou, an employee of GIC, used a Phillips vise to remove a fitting from a pipe. Allegedly, the vise handle was bent, and Mr. Friou used a "cheater bar" to tighten the vise because the vise was rusty or scaly and therefore difficult

to turn. Mr. Friou avers that other defects in the vise also necessitated the use of the cheater bar. The cheater bar slipped off the bent vise handle when Mr. Friou was pushing, and he fell. He allegedly suffered injuries.

Mr. Friou brought actions under articles 2315, 2316, 2317, and 2322 of the Louisiana Civil Code, based on both strict liability and negligence theories. Rosa Friou, his wife, brought an action for loss of consortium. The district court granted Phillips' motion for summary judgment, and the Frious have appealed.

## II.

Phillips has moved to dismiss the appeal because of allegedly faulty notices of appeal. The Frious' Notices of Appeal state that they appeal "the judgment rendered on January 16, 1991 regarding which Motions for Summary Judgment were denied, Motion to Reconsider [which] was denied on February 5, 1991 and [the] Motion for Summary Judgment, denied February 15, 1991." The notices do not specify the grant of the Defendant's motion for summary judgment. They do, however, state that Plaintiffs appeal the denial of their Motion to Reconsider, in which the Plaintiffs had asked the district court to reconsider the granting of summary judgment for the defendant.

 If there is an error in designating a judgment appealed, the error should not bar an appeal if the intent to appeal a particular judgment can be fairly inferred, and if the appellee is not prejudiced or misled by the mistake. *See, e.g., Turnbull v. United States*, 929 F.2d 173, 177 (5th Cir.1991). In this case Phillips has briefed the issues involved in the underlying judgment, and Phillips does not aver that it was prejudiced or misled by an imperfect notice of appeal. The motion to dismiss the appeal is therefore denied. We will treat this case as both parties have treated it: an appeal from the grant of a summary judgment for the Defendant.

## III.

 Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548 (5th Cir.1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To that end we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see Boeing Co. v. Shipman*, 411 F.2d 365, 374–75 (5th Cir.1969) (en banc).

## IV.

 The Plaintiffs asserted strict liability theories based on articles 2317 and 2322 of the Louisiana Civil Code. Article 2322 provides for the liability of building owners,[1] and Plaintiffs seem to concede now that article 2322 does not apply. It is not discussed in their briefs. A party who inadequately briefs an issue is considered to have abandoned the claim. *Villanueva v. CNA Ins. Cos.*, 868 F.2d 684, 687 n. 5 (5th Cir.1989); *Harris v. Plastics Mfg. Co.*, 617 F.2d 438, 440 (5th Cir.1980) (question posed for appellate review but not argued in brief is abandoned).

---

**1.** Article 2322 states, "The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction." La.Civ.Code Ann. art. 2322 (West 1979).

Plaintiffs have, however, pressed their theory that Phillips is strictly liable under the custodial liability article. Article 2317 states, "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody...." La.Civ.Code Ann. art. 2317 (West 1979). The Louisiana Supreme Court has formulated the elements of a cause of action under this article as follows: When a thing in the custody of the defendant causes damage, "the claimant must prove that something about the thing created an unreasonable risk of injury that resulted in the damage ... and that the [defendant] nevertheless failed to render the thing safe or to take adequate steps to prevent the damage caused by the thing." *Kent v. Gulf States Utilities Co.*, 418 So.2d 493, 496–98 (La.1982) (construing *Loescher v. Parr*, 324 So.2d 441 (La.1975)); *see also Boutwell v. Chevron U.S.A., Inc.*, 864 F.2d 406, 409 (5th Cir.1989). Article 2317 liability is strict in that the custodian of the thing is presumed to know "of the risk presented by the thing under his control." *Kent*, 418 So.2d at 497. Thus the necessary elements for the plaintiff to prove are that the defendant had custody of the thing, that the thing had a vice or defect, that the vice or defect created an unreasonable risk of harm, that the defendant failed to make the thing safe or to take adequate steps to prevent damage, and that the vice or defect was the cause of the damage.

Plaintiffs in this case have failed to make out the necessary elements. This Court has held that "custody" or *"garde,"* for the purposes of article 2317, means control and supervision. *Boutwell*, 864 F.2d at 409. Plaintiffs' counsel at oral argument conceded that Phillips did not have "operational control." Plaintiffs therefore cannot prevail on this theory, and

the district court appropriately granted summary judgment for Phillips on this issue.

## V.

We find, however, that there are genuine issues of material fact that must be resolved in Plaintiffs' negligence claim under articles 2315 and 2316.[2] This territory is familiar to the courts. The necessary elements under these articles are fault, causation, and damage. To show fault, the plaintiff must prove "[t]he existence of a legal duty coupled with a breach of that duty." *Seals v. Morris*, 410 So.2d 715, 718 (La.1982) (on rehearing).

First, we must look to the contract between Phillips and GIC. As long as the "Gulf Coast Region Service Agreement" was in effect, Phillips had validly transferred at least some of its legal duties under articles 2315 and 2316 to GIC. The Agreement provides that "[e]xcept as otherwise specifically agreed, Contractor shall provide all labor and skill and all equipment, machinery, materials and supplies necessary for ... performance." Agreement § 1, ¶ 2. Further, the contract stated that GIC would be an independent contractor, and that GIC would "be solely responsible for the work safety and industrial hygiene of its employees," including responsibility to inspect equipment periodically. *Id.* § 4 & ex. "E" ¶ (E). Under this contract, if it fully applied to this project, Phillips would be entitled to summary judgment.

Evidence in the record, however, indicates that this contract may have been modified. Under Louisiana law, contracts, even written contracts, may be modified by subsequent oral agreement or by the practice of the parties. *E.g., Jenkins Constr. Corp. v. Department of Transp. & Dev.*, 492 So.2d 89, 90 (La.Ct.App. 1st Cir.) ("a contract may be modified by practice be-

---

**2.** Article 2315 provides, "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful

death of an injured person." La.Civ.Code Ann. art. 2315 (West Supp.1991).

Article 2316 provides, "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." *Id.* art. 2316 (West 1979).

tween the parties"), *writs denied,* 496 So.2d 1042 (La.1986); *see Nelson v. Appalachian Ins. Co.,* 399 So.2d 711, 712 (La.Ct. App. 1st Cir.1981) (even a contract that is required to be in writing may be modified without a writing). There is evidence that Phillips knew for some time that GIC employees were using the Phillips vise, that the handle was bent seven to eleven days before Mr. Friou's alleged injury, and that the damage to the vise was reported to Phillips at least three to six days before Mr. Friou's injury. Lirette Statement at 13–16; Randall Friou Dep. at 41–44. Given this testimony, a factfinder could decide that the practice of the parties had modified the contract.

We conclude that under its Agreement with GIC, Phillips had no obligation to furnish tools. Phillips may have assumed that duty, however, sometime after concluding the Gulf Coast Region Service Agreement. The agreement expressly contemplated future agreements modifying it. Phillips, of course, would have to discharge any duty that it assumed as a reasonable person would. These are questions for the factfinder.

## VI.

For the foregoing reasons, the summary judgment on the issue of strict liability in favor of Phillips is affirmed. Because there are genuine issues of material fact remaining on the issue of negligence, we reverse that part of the summary judgment and remand. The case is accordingly

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.