IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60649
_____


DARLENE M. VAN NORMAN;
DONALD L. VAN NORMAN;
MELBA McCLAIN,

                                        Plaintiffs-Appellants,

                        versus

NATIONS CREDIT, A Foreign
Corporation,

                                        Defendant-Appellee.
_____

        Appeal from the United States District Court for the
                  Southern District of Mississippi
                     USDC No. 3:95-CV-699-WS
_____

                        April 11, 1997
Before KING, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Donald and Darlene Van Norman obtained a loan from C & S

Family Credit, Inc. in 1990.  Sometime later, C & S Family Credit,

Inc. was merged into NationsCredit, which then became the holder of

the promissory note evidencing the Van Norman loan.  The Van

Normans defaulted on the loan, and NationsCredit began collection

efforts.  In 1995, the Van Normans, along with Mrs. Van Norman's

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

mother, Melba McClain, filed a complaint in state court alleging that the collection efforts of NationsCredit--consisting solely of telephone calls to the Van Normans' home, to Mrs. Van Norman at her place of employment, and to Mrs. McClain's home--constituted intentional infliction of emotional distress, defamation and invasion of privacy. The complaint also sought a declaratory judgment that the finance charges under the note were excessive under Mississippi law. NationsCredit removed the action to the District Court for the Southern District of Mississippi and thereafter sought summary judgment, which the district judge granted. The Van Normans and Mrs. McClain appeal.

On appeal, the Van Normans and Mrs. McClain only pursue their claims of intentional infliction of emotional distress and invasion of privacy. The other claims raised in, and dismissed by the district court therefore are deemed abandoned. See Gann v. Fruehauf Corp., 52 F.3d 1320, 1328 (5th Cir. 1995).

We review the district court's grant of summary judgment de novo and affirm only if the record, when viewed in the light most favorable to the non-moving party, is devoid of evidence that could lead a rational trier of fact to find for the non-movant. See Friou v. Phillips Petroleum Co., 948 F.2d 972, 974 (5th Cir. 1991).

The complaint alleged that the telephone calls to Mrs. McClain constituted an invasion of her right to privacy. Specifically, the

plaintiffs sought to recover because the "persistent and unwarranted telephone collection attempts by agents of the Defendant directed to Plaintiff, Melba McClain, are an invasion of the Plaintiff's right of privacy." The record demonstrates that, on several occasions, an employee of NationsCredit called Mrs. McClain at her residence and sought to speak with Mrs. Van Norman. These calls are said to have occurred two to three times weekly for an uncertain period of time.[1] It is undisputed that the employee never discussed the past due loan with Mrs. McClain and never sought to obtain payment of the loan from Mrs. McClain--who was not a party to the loan--but instead, the NationsCredit employee only requested that Mrs. McClain have Mrs. Van Norman return her call.

Mississippi law recognizes a cause of action for invasion of privacy, including an action for "[t]he intentional intrusion upon the solitude or seclusion of another." Deaton v. Delta Democrat Pub. Co., 326 So. 2d 471, 473 (Miss. 1976). To state a claim for this sub-category of invasion of privacy, however, a plaintiff must show a substantial interference with her seclusion "that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object."

---

[1]The testimony regarding the length of time varies from five months to one year.

Candebat v. Flanagan, 487 So. 2d 207, 209 (Miss. 1986) (quoting Restatement (Second) of Torts, § 652(b), cmt. D (1977)).

We find no evidence in the record to support a finding that the phone calls to Mrs. McClain reached such a level. Mrs. McClain testified that NationsCredit never requested that she pay the debt and, in fact, never identified the purpose of the phone calls.[2] Despite the plaintiff's contentions that Mrs. McClain was in poor health and suffered mental and physical distress as the result of the calls, the standard to be considered is whether a reasonable person would find the actions "highly offensive." The evidence does not demonstrate that the collection efforts of NationsCredit could constitute actions "highly offensive" to a reasonable person.

The plaintiffs also alleged intentional infliction of emotional distress based upon the telephone calls. Although, in the complaint all three plaintiffs appear to seek recovery under this theory, on appeal only the claim of Mrs. McClain is mentioned; therefore, this claim of the Van Normans is forfeited. See Gann, 52 F.3d at 1328. The facts set out above also form the basis of this claim. In order to state a claim for intentional infliction of emotional distress, a plaintiff must present evidence of conduct that was "so outrageous in character, and so extreme in degree, as

_____

[2]Mrs. McClain's phone number was apparently listed on the loan application as the Van Normans' nearest relative.

to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." White v. Walker, 950 F.2d 972, 978 (5th Cir. 1991). For the reasons stated above, we find no evidence that would allow a jury to find that NationsCredit's phone calls to Mrs. McClain were "extreme and outrageous." See Burroughs v. FFP Operating Partners, L.P., 28 F.3d 543, 546 (5th Cir. 1994).

The judgment of the district court is therefore

A F F I R M E D.