**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 24, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50181
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL DELUNA,

Defendant-Appellant.

--------------------
CONSOLIDATED WITH
No. 03-51031
--------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

verses

MANUEL ROLANDO DELUNA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. DR-99-CR-632-1-WWJ
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

While Manuel Rolando Deluna was on supervised release for a drug-related conviction, he was found guilty of importation of cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1), 841(a)(1) & (b)(1)(A). On January 13, 2003, he was sentenced to concurrent terms of 157 months' imprisonment and five years' supervised release for the cocaine-related convictions. On that same date, his supervised release for his prior drug-related conviction was revoked. The district court imposed a sentence of 30 months' imprisonment for his prior drug-related conviction.

Deluna filed a timely notice of appeal in appeal number 03-50181 from the sentence imposed in connection with the revocation of his supervised release. Approximately seven months later, he filed a motion for leave to amend the notice of appeal because, although the notice of appeal referenced the cause number for the sentence imposed in connection with the revocation of his supervised release, it was intended to reference the cause number for his cocaine-related convictions. The district court granted his motion, and his appeal from his cocaine-related convictions was assigned appeal number 03-51031 by the clerk of this court. Deluna's motion to consolidate the two appeals was granted.

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Deluna's appeal from his cocaine-related convictions

was untimely, and the district court had no authority to allow Deluna to amend his notice of appeal or to reopen the time for filing his appeal. See FED. R. APP. P. 3(c), 4(b)(1); cf. FED. R. APP. P. 4(a)(4)(A) & (a)(6). In addition, because the district court could only extend the time for filing a notice of appeal for 30 days past when it was originally due, the district court could not, under FED. R. APP. P. 4(b)(4), allow Deluna to file his notice of appeal approximately seven months after the judgment was entered with respect to his cocaine-related convictions. See FED. R. APP. P. 4(b)(4); cf. Marshall v. Hope Garcia Lancarte, 632 F.2d 1196, 1197 (5th Cir. Unit A 1980). Finally, Deluna's appeal from the revocation of his supervised release cannot be liberally construed as an appeal from his cocaine-related convictions. See Friou v. Phillips Petroleum Co., 948 F.2d 972, 974 (5th Cir. 1991) (citation omitted). When an appellant "notices the appeal of a specified judgment only or a part thereof, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal." Warfield v. Fidelity and Deposit Co., 904 F.2d 322, 325 (5th Cir. 1990). Deluna's notice of appeal expressly referenced an appealable judgment by the district court and in no way indicated that he also wanted to appeal the judgment rendered in connection with his cocaine-related convictions.

Accordingly, appeal number 03-51031 is DISMISSED for lack of jurisdiction. His appeal from the sentence imposed in connection

with the revocation of his supervised release was timely.  FED.
R. APP. P. 4(b)(1).  Deluna has not shown that the revocation of
his supervised release was an abuse of discretion or that there
was any error with respect to the sentence imposed upon
revocation.  United States v. McCormick, 54 F.3d 214, 219 (5th
Cir. 1995).  His sentence imposed in connection the revocation of
his supervised release is AFFIRMED.

APPEAL NO. 03-50181 AFFIRMED; APPEAL NO. 03-51031
DISMISSED.