# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2010

Lyle W. Cayce
Clerk

No. 10-30340
Summary Calendar

DAVID GLEN THOMAS,

Plaintiff - Appellant

v.

BRIDGEFIELD CASUALTY INSURANCE COMPANY, INCORPORATED,

Intervenor Plaintiff - Appellant

v.

CITY OF BASTROP,

Defendant - Intervenor Defendant -
Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-CV-1066

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant David Glen Thomas ("Thomas") and Intervenor
Plaintiff-Appellant Bridgefield Casualty Insurance Company ("Bridgefield")
appeal from the district court's grant of summary judgment dismissing Thomas's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30340

federal and state law claims.[1]  We agree with the district court that no genuine issue of material fact exists on Thomas's claims, and that Defendant-Appellee City of Bastrop ("the City") is entitled to judgment as a matter of law. Accordingly, we AFFIRM.

This case arises out of the personal injury Thomas sustained on August 10, 2007, after he responded to an armed standoff at the Budget Inn in Bastrop, Louisiana.  That day, two members of the Bastrop Police Department ("BPD") were shot while attempting to serve an arrest warrant on Dennis Clem ("Clem"). Thomas, who was working as an operations manager for a local ambulance service, overheard the dispatch report someone lying on the side of the road near City Hall.  After confirming with the Sheriff's Office that an ambulance was on the way, Thomas decided to assist and he drove to the victim's reported location in his company vehicle.  While en route, Thomas heard by radio that there was possibly another victim in the Budget Inn parking lot.  He proceeded there.

When Thomas arrived, he saw Officer Josh Hawthorne of the BPD crouched behind a car with his weapon drawn.  Officer Hawthorne motioned to Thomas, then told him to "stay down" and to come to the rear of the car. Thomas, who was armed with his personal handgun, went to Hawthorne's covered position.  There, Thomas learned that the two victims were BPD officers and that the wounded victim lying in the parking lot was Officer John Smith. Thomas also learned that the shooter had taken cover in one of the motel rooms.

A security camera at the Budget Inn recorded the entire incident.  The video shows BPD Captain Sherman Burrell standing over Officer Smith in the parking lot with his gun drawn, and calling to Thomas and Officer Hawthorne to "come on" and that he had them "covered," ostensibly to speed paramedic help

---

[1] The district court dismissed all of Thomas's federal and state claims.  Thomas and Bridgefield only appeal the dismissal of Thomas's negligence claim under Louisiana tort law.

No. 10-30340

to Officer Smith. Officer Hawthorne escorted Thomas and a second emergency medical technician to where Officer Smith was lying. The video shows that while the two paramedics were attending to Officer Smith, BPD officers in defensive positions nearby, including Captain Burrell, yelled at Clem to "come out with [his] hands up." Clem emerged from the motel room where he had been sheltered, a pistol in each hand, and began shooting to his left and right. BPD officers returned fire.

The security video shows that when the shooting began, Thomas retreated to a corner behind him while, unbeknownst to Thomas, Clem was moving to the same location. In the ensuing gunfight between Clem and BPD officers, Clem was fatally wounded. Thomas was shot in the arm.

In July 2008, Thomas filed suit against the City under 42 U.S.C. § 1983. Thomas alleged that the BPD's conduct during the incident, and particularly Captain Burrell's as the senior officer on the scene, violated Thomas's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. Thomas also stated a negligence claim under Louisiana tort law.

Both parties moved for summary judgment.[2] The district court found that Thomas acted voluntarily when he responded to the emergency call, and that his presence at the Budget Inn, the scene of a live standoff, was a function of Thomas's own conscience rather than police influence. The court also noted that Thomas had failed to produce any proof, other than his own assertions, of who shot him.[3] The court thus found that no genuine issues of material fact existed

---

[2] Bridgefield had intervened in the suit to recover the value of workers compensation benefits paid to Thomas. Bridgefield did not join in Thomas's partial summary judgment motion and did not file an opposition to the City's summary judgment motion.

[3] While Thomas's complaint alleged that he was struck by a bullet fired by Captain Burrell or some other BPD officer, in briefing to the district court Thomas conceded that he did not know who shot him. Despite having the bullet fragments that were removed from his arm, Thomas failed to produce any forensic evidence that could have determined whether the bullet that hit him was fired from a police weapon.

3

No. 10-30340

on Thomas's Fourth or Fourteenth Amendment claims. The court likewise found that Thomas had failed to offer any evidence that would support a reasonable fact-finder's determination in favor of municipal liability under § 1983. The court granted the City's motion for summary judgment and dismissed Thomas's federal claims accordingly.

Turning to Thomas's state negligence claim, the district court found that Captain Burrell's conduct was reasonable under the circumstances, and that in light of the factors articulated by the Louisiana Supreme Court in *Kyle v. City of New Orleans*, 353 So.2d 969, 973 (La. 1977), Captain Burrell did not breach any duty owed to the public, or to Thomas, here. The court also found that Thomas had failed to carry his burden of proof on the elements of actual and legal causation required to prove negligence. The district court granted the City's motion for summary judgment and dismissed Thomas's state claim.

Thomas and Bridgefield have only appealed the district court's ruling on Thomas's state negligence claim.

We review the district court's grant of summary judgment *de novo*. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 233 (5th Cir. 2010). Summary judgment is proper when, viewing the evidence and inferences in the light most favorable to the nonmoving party, there is an absence of genuine issues of material fact and one party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2). "If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

At the outset, we note that Thomas's brief seemingly fails to challenge the district court's summary judgment finding on the element of actual causation. Ordinarily this omission would be fatal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (arguments not briefed on appeal are abandoned). We also

4

note, however, that Thomas has arguably presented the issue of cause-in-fact, albeit in his argument on the element of breach. Appellant's Br. 13-15. We liberally construe Thomas's brief and find that the issue of actual causation is not abandoned. *See S.E.C. v. Recile*, 10 F.3d 1093, 1096-97 (5th Cir. 1993).

In Louisiana, a police officer's liability for negligence is determined by application of the duty/risk analysis, which requires that a plaintiff prove all five of the following elements:

> 1) the defendant had a duty to conform his conduct to a specific standard of care;
> 2) the defendant breached his duty by failing to conform his conduct to the specified standard;
> 3) the defendant's breach was a cause-in-fact of the plaintiff's injury;
> 4) the defendant's breach was a legal cause of the plaintiff's injury; and
> 5) the plaintiff sustained actual damages as a result of the defendant's breach.

*Mathieu v. Imperial Toy Corp.*, 646 So. 2d 318, 322 (La. 1994); *see also Roberts v. Benoit,* 605 So. 2d 1032, 1041-46 (La. 1991). The district court found that Thomas failed to carry his summary judgment burden of proof on the elements of breach, actual causation, and legal causation. We need only affirm the district court's ruling on one of these grounds to affirm the court's summary judgment.

Thomas contends that Captain Burrell breached the required standard of care by failing to secure the crime scene before calling Thomas to render aid to Officer Smith.[4] We disagree. In a matter of seconds, Captain Burrell was forced to weigh the threat that Clem—who was barricaded in his motel room at the

---

[4] In his opposition to the City's motion for summary judgment, Thomas argued that Captain Burrell breached his duty in two ways: (i) by calling on Thomas to enter the crime scene and render aid to Officer Smith before securing the area; and (ii) by calling for Clem, an armed suspect, to "come out with [his] hands up" while Thomas was nearby. Thomas only presses the first argument on appeal; the second is waived. *See Madison Recycling Associates v. Comm'r*, 295 F.3d 280, 284 n.10 (2d Cir. 2002) (argument made by petitioners in moving for summary judgment but not renewed on appeal deemed waived).

No. 10-30340

time–posed to all present, against the urgent need to get paramedic aid to Officer Smith, who was lying shot in the parking lot. While Captain Burrell's decision to summon paramedic help can easily be second-guessed, police officers are not held to a standard of perfect hindsight, and their chosen course of action is not required to be the "best," or even a "better," alternative. *Mathieu*, 646 So. 2d at 325. The law only requires that an officer's conduct was reasonable under the circumstances. *Id.* at 326. When analyzed in light of the *Kyle* factors, 353 So.2d at 973, we have no trouble concluding that Captain Burrell's actions, while not the only alternative, did not fall outside the scope of reasonableness here. *See Mathieu*, 646 So. 2d at 326 (no breach of duty of care where police officers "had to make a quick decision under extremely charged circumstances.").

The district court's grant of summary judgment is AFFIRMED.[5]

---

[5] Thomas also asks us to consider the issue of legal causation, specifically, whether the district court erred in applying the professional rescuer's doctrine. We do not decide that issue here. Our finding on the element of breach (*i.e.*, Captain Burrell's conduct was reasonable) moots Thomas's remaining arguments.