# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-20205
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2025

Lyle W. Cayce
Clerk

Ebony Mitchell,

*Plaintiff—Appellant*,

*versus*

Praetorian Insurance Company,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2049

———————————————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:[*]

In this insurance dispute, Appellant Ebony Mitchell appeals the district court's summary judgment in favor of Appellee Praetorian Insurance Company and the court's denial of her Rule 59 motion. For the reasons that follow, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20205

I.

In September 2020, Ebony Mitchell ("Mitchell") filed a claim with her homeowner's insurance company, Praetorian Insurance Company ("Praetorian"), alleging damage to her roof, ceilings, walls, and floors. After concluding that her covered loss fell below her deductible, Praetorian initially closed her claim without payment. Following a second inspection and continued dialogue between Mitchell and her insurer, Praetorian issued a payment on the claim. Praetorian then made several additional payments to Mitchell, while Mitchell sought additional coverage for mold remediation. The parties continued to engage, and disagree, about the causes of the damages and the total loss amount. Mitchell alleged that the losses were caused by wind, which was covered under her policy, while Praetorian claimed losses were caused, at least in part, by improper tarping and bathtub water spillover, which fell within policy exclusions. Mitchell invoked appraisal in October 2021, but the appraisal process quickly fell apart after Mitchell challenged the proposed scope of any settlement. Mitchell filed suit in state court, and Praetorian removed the case to federal court, asserting diversity jurisdiction.

In January 2024, the federal district court—after having already once allowed Mitchell to amend her complaint to cure pleading deficiencies—dismissed on Praetorian's motion all of Mitchell's claims, except her breach of contract claim and her statutory bad faith claim under § 541.060(a)(3) of the Texas Insurance Code. Praetorian then moved for summary judgment on the two remaining claims, arguing, *inter alia*, that the concurrent-causation doctrine barred Mitchell's breach of contract claim. In opposition, Mitchell relied substantially upon a report, referred to by the district court as the "Quantum Estimate," which contained her estimated repair costs.

The district court determined the Quantum Estimate was not competent summary judgment evidence because it did not identify its author. The

district court continued, however, to state that "even if considered, [the Quantum Estimate] would not raise a factual dispute material to determining the motion for summary judgment" because it did not opine on the cause of the loss. The court concluded that Mitchell's inability to separate her damages, as attributable to covered causes (winds) and excluded ones (bathtub spillover and improper roof tarping) under the policy, proved fatal under Texas's concurrent-causation doctrine for her repair cost claim.[1]

Mitchell then filed a Rule 59 motion for reconsideration,[2] attaching an affidavit attesting to the authenticity of the Quantum Estimate. The district court denied the motion on May 7, 2024, concluding that Mitchell's prior failure to provide this affidavit was "not determinative" because, even if the court considered the Quantum Estimate as competent summary judgment evidence, it would not have a raised a material factual dispute. That same day, Mitchell filed her notice of appeal.

## II.

As a threshold matter, we must assess whether we have jurisdiction over the district court's denial of Mitchell's Rule 59 motion. The district court granted Praetorian's motion for summary judgment and issued final judgment on April 8, 2024. On May 7, 2024, the district court denied Mitchell's Rule 59 motion. That same day, Mitchell filed her notice of appeal,

---

[1] The court also concluded that the § 541.060(a)(3) bad faith claim failed because Praetorian provided a "reasonable explanation . . . supported by facts and specific provisions of the policy" each time it denied her claim or issued a payment, as required under the statute. Mitchell has not challenged this determination on appeal and therefore has forfeited it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 398 (5th Cir. 2021).

[2] While Mitchell characterized her Rule 59 motion as a motion for new trial, the Appellee is correct that the proper vehicle would have been a Rule 59(e) motion to alter or amend the judgment. The district court properly treated it as a motion for reconsideration, and we do the same on appeal.

specifically (and only) naming the district court's summary judgment order and judgment. Mitchell did not appeal the order denying the Rule 59 motion, nor did she file an amended notice of appeal as required under Rule 4(a)(4)(B)(ii) of the Federal Rules of Appellate Procedure. *See* FED. R. APP. P. 4.

While that failure to amend would appear to limit our jurisdiction to the summary judgment order, our court has held that this "imperfect notice of appeal" should not bar our review if the "intent to appeal a particular judgment can be fairly inferred, and if the appellee is not prejudiced or misled by the mistake." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). Because Mitchell has evinced her desire to appeal the denial of the Rule 59 motion, in addition to the summary judgment, and the Appellee responded to those arguments (and did not raise a jurisdictional challenge), we will consider the merits of the claim.

Therefore, our court has jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 1332(a).

## III.

We review summary judgment de novo, and we apply the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[I]n this diversity-jurisdiction case, Texas law applies to . . . question[s] of substantive law." *Antero Res., Corp. v. C&R Downhole Drilling Inc*, 85 F.4th 741, 746 (5th Cir. 2023).

We typically review Rule 59 motions to reconsider for abuse of discretion. *Catalyst Strategic Advisors, L.L.C. v. Three Diamond Cap. Sbc, L.L.C.*, 93 F.4th 870, 874–75 (5th Cir. 2024). However, the applicable

4

No. 24-20205

standard of review turns on whether the district court considered materials newly attached to the motion that were not previously submitted to the court. *Id.* at 875. "If the materials were considered . . . and the district court still grants summary judgment, the appropriate appellate standard of review is *de novo.*" *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

IV.

Mitchell challenges both the district court's grant of summary judgment and its denial of her Rule 59 motion. We will first address the summary judgment order and then turn to the order denying Mitchell's Rule 59 motion.

A.

Mitchell claims the district court erred in granting summary judgment because there exist genuine questions of material fact as to the cause of the claimed losses, as demonstrated by the Quantum Estimate, and because questions surrounding concurrent causation of covered and excluded losses should be submitted to the jury. As explained *supra* Part I, the district court granted summary judgment in favor of Praetorian on the breach of contract claim because Mitchell failed to provide any causation evidence to rebut Praetorian's evidence that the claimed damages were caused either by excluded perils or by a combination of covered and excluded perils.[3] The

---

[3] In her briefing, Mitchell only challenges summary judgment on the breach of contract claim, abandoning the statutory bad faith claim. As for the breach of contract claim, Mitchell appears to focus only on the claims for repair costs for the roof and first story ceiling damage—not the personal property or mold claims—because the district court only relied on concurrent-causation to deny the repair-cost claims. However, Mitchell's personal-property and mold claims fail for the same reasons—she has not presented any summary judgment evidence to rebut Praetorian's evidence that the

No. 24-20205

district court reasoned that because Mitchell did not point to any evidence that would allow a factfinder to segregate damages caused by covered and excluded perils, the concurrent-causation doctrine prohibited recovery.

The Supreme Court of Texas has explained the concurrent-causation doctrine as follows:

> Texas concurrent-causation doctrine applies when covered and excluded events combine to cause an insured's loss. Under that doctrine, if covered and uncovered events are inseparable, then causation is concurrent, the insurance policy's exclusion applies, and the insurer owes no coverage for the loss.

*Dillon Gage Inc. of Dallas v. Certain Underwriters at Lloyds Subscribing to Pol'y No. EE1701590*, 636 S.W.3d 640, 645 (Tex. 2021). Our court, relying on Texas appellate court decisions, has elaborated on this doctrine:

> When covered and non-covered perils combine to create a loss, the insured is entitled to recover that portion of the damage caused solely by the covered peril. Because an insured can recover only for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof. Failure to segregate covered and noncovered perils is fatal to recovery. An insured may carry its burden by putting forth evidence demonstrating that the loss came solely from a covered cause or by putting forth evidence by which a jury may reasonably segregate covered and non-covered losses.

*Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 477 (5th Cir. 2022) (per curiam) (cleaned up). Mitchell contends that the Quantum Estimate segregates damages and that the jury should resolve these types of fact

---

personal property and mold claims were excluded under the terms of the homeowner's policy.

questions. Praetorian responds that the Quantum Estimate only provides estimated costs of repairs and does not opine on the causes of any claimed loss, leaving its expert reports concluding that the claimed losses were caused by excluded perils or a combination of covered and excluded causes uncontroverted. Praetorian further provides that settled Texas law places the burden on the insured to segregate which losses were caused by covered and excluded perils and that Mitchell failed to point to any causation evidence to meet that burden. Praetorian has the better argument here.

Even now on appeal, Mitchell cannot point to any evidence in the record, or even evidence that she would hope to present to a jury, that would allow a factfinder to conclude that her claimed losses were caused in whole by a covered peril or, if caused by concurrent causes, that would allow a jury to segregate damages between covered and excluded causes. *See Id.* As such, the district court did not err in granting summary judgment in favor of Praetorian.

### B.

In her opening brief, Mitchell challenged the district court's denial of her Rule 59 motion, to which she had attached a business records affidavit executed by Richard Gadrow ("Gadrow Affidavit") that purported to authenticate the Quantum Estimate. In her Rule 59 motion, Mitchell claimed to have inadvertently omitted the Gadrow Affidavit in her opposition to the Appellee's motion for summary judgment. When granting summary judgment, the district court had concluded that the Quantum Estimate was not competent evidence because the record did not show who prepared it and Mitchell failed to provide a declaration from its author attesting to its authenticity. As the Appellee points out in its brief, and Mitchell acknowledges in reply, Mitchell had in fact submitted the Gadrow Affidavit as an exhibit in her opposition to Praetorian's motion for summary judgment. Mitchell and

No. 24-20205

the district court appear to have overlooked it.[4] Mitchell now asks us to vacate summary judgment and remand to allow the district court to consider the Quantum Estimate, which Mitchell claims is competent summary judgment evidence.

We need not resolve this oversight circumstance because any error would have been harmless. In its order granting summary judgment, the district court noted that even if it had considered the Quantum Estimate, it did not raise a material factual dispute because the estimate does not include an opinion about the causes of the claimed losses and does not attempt to segregate damages between covered and excluded perils. In its order denying the Rule 59 motion, the district court reiterated this statement. As explained, we agree.

Because the sole focus of the Rule 59 motion was the allegedly omitted affidavit and the district court concluded that the Quantum Estimate wouldn't have changed its summary judgment analysis, the district court did not abuse its discretion in denying the motion.

\* \* \*

For the foregoing reasons, we AFFIRM summary judgment and the denial of the Rule 59 motion.

---

[4] In its reply in support of summary judgment, Praetorian challenged the authenticity of the Quantum Estimate, arguing that "[n]either Plaintiff's Response nor Exhibit A identifies who prepared the [Quantum] Estimate and it is not signed by anyone." While Praetorian's statement is true, as the business records affidavit did not explicitly provide who prepared the estimate, it may have been the origin of the confusion about whether the Gadrow Affidavit had been previously submitted to the court. The district court denied Mitchell's Rule 59 motion before Praetorian had an opportunity to file an opposition.