Mark R. STANLEY, Individually and on behalf of all others similarly situated,

v.

WAL MART STORES, INC., and Toys R Us–Nytex, Inc.

Civ. No. 3:93–CV–0920–H.

United States District Court, N.D. Texas, Dallas Division.

Aug. 25, 1993.

Stephen H. Gardner and Marc R. Stanley, Dallas, TX, for plaintiff.

David Ray McAtee and M. Byron Wilder, Gibson Dunn & Crutcher, Dallas, TX, for defendant Wal Mart.

George W. Bramblett, Jr. & Carrie Lee Huff, Haynes & Boone, Dallas, TX, Michael Svetkey Feldberg, F. Peter Phillips, and Karen Baseman, Schulte Roth & Zabel, New York City, for defendant Toys R Us.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court is the Motion to Dismiss all Claims against Defendant Wal–Mart

Stores, Inc., for Attorney's Fees and Costs, and Request for Oral Argument, and supporting brief, filed May 26, 1993; Motion of Defendant Toys "R" Us—Nytex, Inc., to Dismiss the Complaint, and Request for Oral Argument, and supporting brief, filed May 26, 1993; Plaintiff's Response to Defendants' Motion to Dismiss, filed June 15, 1993; Defendant Wal–Mart Stores' Motion to Dismiss Plaintiff's Amended Complaint, and supporting brief, filed June 28, 1993; Motion of Defendant Toys "R" Us—Nytex to Dismiss the Amended Complaint, and supporting brief, filed June 30, 1993; Reply Memorandum of Defendant Toys "R" Us—Nytex, filed June 30, 1993; Defendant Wal–Mart's Reply, filed July 6, 1993; and Letter Response of Plaintiff, dated July 8, 1993.

Plaintiff brings this case for consumer fraud. During the post-Christmas "return" season of 1992–93, Plaintiff Stanley, an attorney, purchased various items at local stores of Defendant Wal–Mart and Defendant Toys "R" Us. After examining the items, Plaintiff notified the stores that the items were used and that they did not have the qualities of complete, functional, new merchandise.

On April 29, 1993, Plaintiff filed suit in the 162nd Judicial District of the State of Texas on his own behalf and on behalf of all those similarly situated. Defendants removed the action to federal court on May 12, 1993, under 28 U.S.C. § 1441.[1] The Amended Complaint, filed June 15, 1993, lists four causes of action: (1) for consumer fraud, breach of warranty, and unconscionable acts under The Texas Deceptive Trade Practices–Consumer Protection Act, Tex.Bus. & Comm. Code Ann. § 17.41 et seq. (West 1992) ["DTPA"]; (2) for Texas common-law fraud; (3) for violations of other states' consumer protection statutes; and (4) for declaratory judgment, under 28 U.S.C. §§ 2201 & 2202.

Because the Court has considered materials presented by both parties outside the pleadings, the motions are treated as summary judgment motions.[2] See Fed.R.Civ.P. 12(b)(6).

## I. SUMMARY JUDGMENT STANDARD

In proper circumstances, awarding summary judgment is not disfavored in the federal courts: "[s]ummary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." Fontenot v. Upjohn Co., 780 F.2d 1190, 1197 (5th Cir.1986).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment or partial judgment as a matter of law. See Fed.R.Civ.P. 56. Before a court may grant summary judgment, the moving party must demonstrate that it is entitled to judgment as a matter of law because there is no actual dispute as to an essential element of the nonmovant's case. See Topalian v. Ehrman, 954 F.2d 1125 (5th Cir.), cert. denied, —— U.S. ——, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). The threshold inquiry, therefore, is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Of course, "the substantive law will identify which facts are material." Id. at 248, 106 S.Ct. at 2510.

---

1. Plaintiffs have not challenged the removal. Although the state-court petition alleged actual damages below the minimum jurisdictional requirement, Plaintiff also requested injunctive relief. In representing in the Notice of Removal that the required minimum amount in controversy exists in this case, Defendants assign that value to the injunctive relief. Plaintiffs apparently do not dispute the valuation, which appears to the Court to be reasonable; accordingly, the Court finds jurisdiction. See Western & A.R.R. v. Railroad Comm'n, 261 U.S. 264, 267, 43 S.Ct. 252, 253, 67 L.Ed. 645 (1923) (holding that for injunctive relief, the amount in controversy is not the amount that might be recovered at law, but rather the value of the right to be protected or the extent of the injury to be prevented); see also Charles A. Wright et al., Federal Practice and Procedure §§ 3702–03, 3708 (2nd ed. 1985).

2. Because Plaintiff and Defendant have submitted identical documentation in which the material facts are undisputed, the Court finds it unnecessary to require supplementation. See Fed. R.Civ.P. 12(b)(6).

The Supreme Court has explained that a movant for summary judgment need not support the motion with evidence negating the opponent's case; rather, once the movant establishes that there is an absence of evidence to support the nonmovant's case, the burden is on the nonmovant to make a showing sufficient to establish each element as to which that party will have the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986).

Once the burden shifts, the nonmoving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (emphasis in original) (*quoting* Rule 56(e)); *see also Fontenot*, 780 F.2d at 1195–98. A party must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1356. Stated another way, "[i]f the record, taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir.1991) (citing *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356). In determining whether a genuine issue exists for trial, all of the evidence must be viewed in the light most favorable to the motion's opponent. *Gremillion v. Gulf Coast Catering Co.*, 904 F.2d 290, 292 (5th Cir.1990). With these summary judgment standards in mind, the Court turns to an analysis of Defendants' motions in this case.

## II. DTPA CLAIM

### A. Defendant Wal–Mart

■ In support of its motion, Defendant Wal–Mart argues that Plaintiff's DTPA claim is subject to a fully performed statutory defense. Under section 17.505 of the DTPA, a potential plaintiff is required to give written notice to a potential defendant "advising ... of the ... specific complaint and the amount of actual damages and expenses, including attorneys' fees" that the plaintiff will be seeking if suit is filed. Plaintiff Stanley sent such a letter. He advised Wal–Mart that his actual damages and expenses amounted to $1133.91. Stanley further advised Wal–Mart that damages for the potential Plaintiff class were not capable of quantification at the time.

The DTPA continues:

[I]t is a defense to a cause of action [under Section 17.50] if the defendant proves that he received notice from the consumer ... and that within 30 days after the day on which the defendant received the notice the defendant tendered to the consumer:

(1) the amount of actual damages claimed; and

(2) the expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

Tex.Bus. & Comm.Code § 17.506(d); *see Hines v. Hash*, 843 S.W.2d 464, 467 (Tex. 1992). It is undisputed that Wal–Mart tendered a $1133.91 check to Stanley; that amount includes actual damages on the items for which Stanley gave written notice, plus expenses and attorney fees. *See* Plf's Resp. at 13; Def's Mot., Exh. B. Accordingly, Wal–Mart is in full compliance with § 17.-506(d) and has a complete defense to Stanley's DTPA claim. *See Hines*, 843 S.W.2d at 467 ("A person may also within the same period tender payment of the actual damages and expenses claimed, and then may assert that tender in complete defense to an action for damages under the DTPA.").

■ Stanley argues that the tender is inadequate as a matter of law because it does not address the undetermined actual damages and expenses of the potential Plaintiff Class. It is axiomatic that before a party may successfully institute a class action, the party must be able individually to seek judicial relief for the cause of action. *See Griffin v. Dugger*, 823 F.2d 1476 (11th Cir.1987), *cert. denied*, 486 U.S. 1005, 108 S.Ct. 1729, 100 L.Ed.2d 193 (1988); *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 499 (7th Cir.1972); *Dallas Gay Alliance, Inc. v. Dallas County Hosp. Dist.*, 719 F.Supp. 1380 (N.D.Tex. 1989). In this case, Stanley attempts to bootstrap an individual claim by relying on

class injury; such a circular argument must fail. To hold otherwise would be to nullify the purpose and effect of § 17.506(d) whenever a plaintiff chooses to allege unspecified damages on behalf of a class.

Because Wal–Mart has tendered the notified amount of actual damages and expenses, summary judgment is granted on Stanley's DTPA claim against Defendant Wal–Mart. *See* Tex.Bus. & Comm.Code § 17.506(d); *Hines v. Hash,* 843 S.W.2d at 467.

## B. TOYS "R" US

■ Defendant Toys "R" Us ["Toys"] offers a similar argument for dismissal of Plaintiff's DTPA claim against it. Plaintiff fulfilled its DTPA notification requirement to Defendant Toys by letter of February 22, 1993. Instead of tendering a check, however, Defendant Toys responded by notifying Plaintiff that he could, under the store's normal policy, return the purchased items for exchange, credit, or full refund. Defendant argues that its policy constitutes a tender of actual damages under § 17.506(d). The Court agrees. Neither the DTPA statute nor case law requires that the "tender" be money mailed or otherwise sent to a plaintiff. The offer of a complete refund at the Toys store operates as a tender of actual damages.

■ A more difficult question is whether the offer of exchange, credit, or refund fulfills the second prong of the defense: "the expenses, including attorneys' fees, if any, *reasonably incurred* by the consumer in asserting the claim against the defendant." DTPA § 17.506(d)(2) (emphasis added). Defendant Toys contends that its return policy makes any litigation expenditure unreasonable. Defendant argues that had Plaintiff merely returned the items for full refund, as Toys' posted policy and letter invited him to do, Plaintiff would have incurred no litigation expense at all. Under the narrow circumstances presented here, the Court agrees.

It is undisputed that Toys' return policy is conspicuously posted in the store at which Plaintiff shopped. *See* Def.'s Exh. A, B. It is furthermore undisputed that Plaintiff did not attempt to obtain a refund for the items, either before or after he received the letter

from Toys informing him of his right to do so. Plaintiff, who is an attorney of record in this case, need not have incurred the expense, therefore, of sending a DTPA notification letter. Had Plaintiff sought a refund and been denied a complete remedy, such expenses of litigation would have been warranted. Any expenses that Stanley incurred in pursuing this lawsuit, without first seeking such a simple, obvious, and complete remedy as returning the goods for a proffered full refund, are unnecessary and therefore unreasonable as a matter of law. *See Cielo Dorado Dev., Inc. v. Certainteed Corp.,* 744 S.W.2d 10, 11 (Tex.1988) (noting that the policy behind the notification and cure provisions of the DTPA is to prevent needless litigation). On this issue, no reasonable juror would find that Plaintiff's expenses, including attorney's fees, were reasonably incurred.

Because under the undisputed facts Defendant Toys has tendered actual damages and reasonable expenses to Plaintiff, summary judgment is granted on the DTPA claim. *See* Tex.Bus. & Comm.Code § 17.506(d); *Hines v. Hash,* 843 S.W.2d at 467.

## III. FRAUD

■ In moving for dismissal of Stanley's claim for common-law fraud, Defendants argue that Stanley cannot, as a matter of law, claim the necessary reliance. To succeed in a fraud action under Texas common law, a plaintiff must plead and prove that the plaintiff's reliance on the alleged fraudulent conduct was actual and justifiable. *Haralson v. E.F. Hutton Group, Inc.,* 919 F.2d 1014, 1025 (5th Cir.1990); *see Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983). To determine justifiability, the Court must inquire "whether—given a fraud plaintiff's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud—it is extremely unlikely that there is actual reliance on the plaintiff's part." *Haralson,* 919 F.2d at 1026.

■ In this case, it is undisputed that Stanley is a "tester" of the Defendants' compliance with consumer protection laws. *See* Plf's Exh. 1, 2. In that role, Stanley purposely sought out goods that appeared to be returned or damaged. Plaintiff's Amended

Complaint, filed June 15, 1993, concedes: "Stanley ... purchased the goods from both Wal–Mart and Toys "R" Us in an effort to test his belief that [those stores] were engaged in the fraudulent actions set herein. Nevertheless, he has suffered actual damages, by virtue of the fact that his belief was correct—the goods he bought were in fact used goods sold as new for the price of new goods." Amnd.Comp. at 4. Plaintiff clearly admits knowledge or belief of the truth that the goods he bought had been returned or used; he cannot therefore claim reliance on a misrepresentation, if any, that the goods were new. *See Haralson,* 919 F.2d at 1026; *Trenholm,* 646 S.W.2d at 931–32; *see also Chitsey v. National Lloyd's Ins. Co.,* 698 S.W.2d 766, 769 (Tex.App.—Austin 1985), *aff'd,* 738 S.W.2d 641 (Tex.1987) (denying as a matter of law a fraud claim by an insurer who knew that an insured's alleged misrepresentation was false at the time it was made); *General Motors Corp. v. Courtesy Pontiac, Inc.,* 538 S.W.2d 3, 6 (Tex.Civ.App.—Tyler 1976, no writ) (finding no reliance when a representation is "shown by facts within [the plaintiff's] observation to be so patently and obviously false that [the plaintiff] must have closed his eyes to avoid discovery of the truth") (quoting *Prosser on Torts* § 103, at 731 (3rd. ed.)). Accordingly, Plaintiff cannot prevail on a claim for common-law fraud as a matter of law.

Plaintiff's primary argument against this result is that, in the civil rights arena, "testers" have been allowed to bring claims for relief. *See, e.g., Havens Realty Corp. v. Coleman,* 455 U.S. 363, 373, 102 S.Ct. 1114, 1121, 71 L.Ed.2d 214 (1982) (holding that a plaintiff who had no intent to rent an apartment but was collecting evidence of unlawful housing practices nonetheless had standing to sue for housing discrimination on denial of his application). Plaintiff points to no decision, however, in which a tester has been allowed to bring a cause of action requiring reliance or other inquiry into the state of mind of the claimant. In the absence of such precedent, the Court declines to disturb Texas common law.

For the reasons given above, summary judgment on Plaintiff's cause of action for fraud is awarded in favor of Defendants.

## IV. CLASS ACTION AND OTHER STATE LAWS

■ Because Stanley has no live individual claim, Stanley has no standing to bring suit on behalf of a putative class. *See Griffin,* 823 F.2d at 1480; *Mintz,* 463 F.2d at 499; *Dallas Gay Alliance,* 719 F.Supp. at 1385. Accordingly, the claims made on behalf of the potential class members under laws of states other than Texas must fail as a matter of law; summary judgment is granted.

## V. DECLARATORY JUDGMENT CLAIM

■ Defendants argue that Plaintiff's cause of action for declaratory judgment, new to the Amended Complaint, should be dismissed. The Declaratory Judgment Act provides, in relevant part:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). To possess standing to sue under the Act, a party must have a "legal interest[ ] threatened in an actual controversy." *Collin County v. Homeowners Assoc. (Haven),* 915 F.2d 167, 170 (5th Cir.1990) (citing *Wolfer v. Thaler,* 525 F.2d 977, 979 (5th Cir.), *cert. denied,* 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 800 (1976)). A party's legal interest must relate to a justiciable claim arising under the law for which the Court has jurisdiction. *See id.* at 171. In this case, legal controversy no longer exists; as decided above, Stanley asserts no justiciable claim between himself and Defendants. Accordingly, Stanley has no standing to sue under the Act. *See Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959–60, 22 L.Ed.2d 113 (1969) (noting that the right to declaratory relief depends on whether an actual controversy exists at the time of hearing, as well as at the time of filing). Summary judgment in favor of Defendants is granted.

**436**

## VI. CONCLUSION

For the reasons given above, summary judgment is **GRANTED** in favor of Defendants Wal–Mart and Toys "R" Us for all claims brought by Plaintiff in his Amended Complaint. Final judgment will issue separately.

Defendants' requests for oral argument and for attorney's fees are **DENIED.**

SO ORDERED.