# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2011

No. 10-20507

Lyle W. Cayce
Clerk

TRACY BRIAN BROWN,

Plaintiff-Appellant,

v.

DFS SERVICES, L.L.C.; LEGAL CLUB FINANCIAL CORPORATION;
SARAE CHANEY,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:09-CV-3449

No. 10-20507

Before SMITH, SOUTHWICK, and GRAVES, Circuit Judges.

JAMES E. GRAVES, Circuit Judge:[*]

Plaintiff-Appellant Tracy Brian Brown[1] ("Brown") alleged causes of action against Defendants-Appellees DFS Services, L.L.C. ("DFS") and Legal Club Financial Corporation ("LCFC") for breach of contract, negligence, civil conspiracy and violation of the *Texas Deceptive Trade Practices Act* ("DTPA") of the *Texas Business and Commerce Code*, Title 2, Chapter 17. The district court dismissed the cause of action for breach of contract by granting the motion to dismiss against Brown pursuant to *Federal Rules of Civil Procedure* ("Fed. R. Civ. P.") 12(b)(6). The district court also dismissed the remaining causes of action for negligence, conspiracy and violation of the DTPA by granting the motion for summary judgment against Brown pursuant to Fed. R. Civ. P. 56. On appeal, Brown challenges the district court's dismissal of his causes of action, as well as the district court's orders staying discovery and striking entire affidavits when ruling on the motion for summary judgement. We AFFIRM.[2]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This court recognizes that Brown represents himself as a *pro se* litigant, so out of an abundance of latitude, this court liberally construes the allegations of this *pro se* litigant, in particular when the proceedings raise such complex issues of both civil procedure and substantive law. *See*, *e.g.*, *Securities and Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). Likewise, this court also acknowledges that, while many factors may exist in the decision to proceed with litigation without on-the-record assistance of counsel, the ultimate decision to proceed as such is a choice, which Brown has freely and voluntarily made.

[2] In light of the fact that both parties did not request oral argument, we, *a fortiori*, adhere to the judicial principle that this court will leave undisturbed the record on appeal by not attempting to relitigate the facts of the underlying case. This court has carefully considered the applicable law and all of the facts in the record as the parties have presented them to us in order to reach our decision here today. In addition, this court may affirm on any basis that appears in the record. *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (citing *United States v. Dunigan*, 555 F.3d 501, 508 n.12 (5th Cir. 2009)), *cert. denied*, 130 S. Ct. 1055 (2010).

No. 10-20507

*I.  Course of Proceedings and Disposition in the District Court*

Brown sued in state court, alleging a cause of action for breach of contract against DFS, as well as causes of action for violation of the DTPA, civil conspiracy and negligence against both DFS and LCFC. DFS removed to federal court on the basis of diversity jurisdiction.

Brown moved for partial summary judgment against DFS and LCFC. LCFC moved for summary judgment against Brown. DFS filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The district court granted DFS dismissal of Brown's breach of contract cause of action pursuant to Fed. R. Civ. P. 12(b)(6) and granted both DFS and LCFC summary judgment on the remaining causes of action pursuant to Fed. R. Civ. P. 56. Brown timely appealed.

*II.  Background and Relevant Facts*

On July 19, 2004, Brown contracted with Discover Business Services, the predecessor entity to DFS, to become a Discover card merchant on behalf of his business, Rhinestones in Designs. LCFC sells non-insurance related products and has an agreement with DFS to co-promote those products to DFS' network of Discover card merchants. On September 22, 2008, an LCFC representative telephoned Rhinestones in Designs to offer the Merchant Discount Health Plan ("MDHP"), a product that provides merchants and their employees with discounts on a variety of health products and services. Vickie Goston answered the phone. The LCFC representative "sought confirmation from Ms. Goston that she was 'authorized to order the plan charged to your Discover network merchant account for the business Rhinestones in Design,' to which Ms. Goston replied, 'yes.'" After Goston authorized the purchase, LCFC charged Rhinestones in Design's Discover merchant account $39.95 in October, November and December 2008, for a total of $119.85.

No. 10-20507

On December 3, 2008, Brown contacted LCFC, cancelled the MDHP claiming that Goston was not authorized to purchase it, and requested a refund. LCFC agreed to refund the charges and began the process to credit Brown's Discover merchant account. On January 7, 2009, LCFC learned that the Rhinestones in Design Discover merchant account had been closed and thus, instead of a credit, issued a check in the amount of $119.85 to Brown. On January 28, 2009, LCFC mailed a check for $119.85 to the address on file for Rhinestones in Design. On February 20, 2009, LCFC's check was returned as undeliverable. That same day, LCFC resent the check to another address in Katy, Texas provided by Brown.

On March 23, 2009, LCFC contacted Brown to inquire if the check had been received, and in response, Brown stated his intent to file a lawsuit. On April 27, 2009, Brown sent a letter, citing to the DTPA as authority and demanding $400,000 in damages. On May 7, 2009, LCFC responded by letter challenging Brown's allegations and informing him that a full refund already had been issued. Brown sued as described above.

In granting LCFC's and DFS' motions for summary judgment, the district court noted that Brown claimed that he never received a refund check in spite of evidence presented that it had been sent to him twice. The district court ordered LCFC "to verify that a check was mailed to [Brown], and that it reached his place of residence." On May 28, 2010, LCFC sent another check for $119.85 to Brown's residence in Katy, Texas. Brown acknowledged receipt of this check.

### III. Standards of Review

#### A. District Court's Order Staying Discovery & No Entry of Scheduling Order

This court reviews a district court's decision to stay discovery pending resolution of a dispositive motion for an abuse of discretion. *Brazos Valley Coalition for Life v. City of Bryan*, 421 F.3d 314, 327 (5th Cir. 2005); *Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988). This court reviews the

No. 10-20507

grant of a motion to quash a subpoena for abuse of discretion. *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994). This court reviews scheduling matters for abuse of discretion. *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).

### B. District Court's Denial of Leave to Amend Brown's Complaint

This court reviews a district court's denial of leave to amend a complaint for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). "Because of the liberal pleading presumption underlying Rule 15(a), we have acknowledged that the term 'discretion' in this context 'may be misleading, because Fed. R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

### C. Dismissal of Cause of Action pursuant to Fed. R. Civ. P. 12(b)(6)

This court also reviews dismissal of a complaint for failure to state a claim *de novo*. *Lindquist v. City of Pasadena, Tex.*, 525 F.3d 383, 386 (5th Cir. 2008) (accepting all well-pled facts as true, "viewing them in the light most favorable to the plaintiff"). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965.

### D. District Court's Action of Striking Entire Affidavits

This court reviews a trial court's decision not to consider evidence offered in opposition to a motion for summary judgment for abuse of discretion. *Tex. E. Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 741 (5th Cir. 1998).

### E. Summary Judgment pursuant to Fed. R. Civ. P. 56

A grant of summary judgment is reviewed *de novo*. *See Dallas County Hosp. Dist. v. Associates' Health and Welfare Plan*, 293 F.3d 282, 285 (5th Cir.

No. 10-20507

2002). Summary judgment is appropriate when there "is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Conoco, Inc. v. Medic Systems, Inc.*, 259 F.3d 369, 371 (5th Cir. 2001). The court must view facts and inferences in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.* (*Liberty Lobby*), 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). A factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *See Liberty Lobby*, *supra*, 477 U.S. at 248; *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999).

## IV. Discussion

### A. Discovery

Brown claims the district court abused its discretion when it granted LCFC's motion to stay discovery without entering a written order properly limiting and defining the scope of discovery. Because of the lack of an order, Brown contends that his subpoena to the Better Business Bureau of Florida, which was sent after the district court stayed discovery, should not have been quashed.

A trial court is vested with broad discretion regarding discovery. *Seiferth v. Hellicopters Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (plaintiff's right to discovery before a ruling on a motion for summary judgment "is not unlimited and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by [the party] to withstand a Rule 56(e) motion for summary judgment") (citing *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987). It is within the district court's discretion to stay discovery pending resolution of dispositive motions and to quash Brown's improperly issued subpoena to non-parties.

6

No. 10-20507

Here, the district court stayed discovery at a hearing on February 16, 2010. Contrary to the district court's order, Brown issued his first subpoena, sans notice to DFS and LCFC, on March 5, 2010, and the second on March 22, 2010. Brown has not shown why the lack of a written order excuses his disregard for the stay. Therefore, the district court's decision to quash Brown's attempts to improperly subpoena documents from the Better Business Bureau of Florida in violation of the stay order also fell within the district court's discretion. The district court did so to enforce its February 16, 2010 order, conserve the parties' and the court's resources, and manage the case efficiently.

## B. Pleadings

Generally, a litigant should be granted leave to amend before the case is dismissed, and leave to amend is liberally granted. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (no reversible error in dismissing without first allowing amendment where *pro se* plaintiff already presented its "best case"). However, it is not reversible error "in any case where the pleadings, when viewed under the individual circumstances of the case, demonstrate that the plaintiff has pleaded his *best case*." *See Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986) (emphasis in original; no reversible error in dismissing claim without amendment when plaintiff filed "an extensive response to the defendants' motion to dismiss" that contained "extensive re-pleading of the 'facts' and law he [thought] relevant). On April 14, 2010, Brown sought leave to amend to add new claims and parties, but did not seek leave to add more or different grounds in support of his breach of contract cause of action. Brown also sought leave to amend to add Sarae Chaney, the LCFC representative who spoke to Goston, as a defendant along with DFS and LCFC to the DTPA cause of action, but likewise, did not allege any new facts. Because the district court already had Brown's "best case" before it, the court did not abuse its discretion when it denied Brown leave to amend his breach of contract and DTPA causes of action.

No. 10-20507

## C. *Summary Judgment*

In ruling on DFS' and LCFC's motion for summary judgment, the district court did not consider affidavits by various persons against DFS and/or LCFC. Affidavits must set forth facts that would be admissible in evidence. Fed. R. Civ. P. 56(e)(1). The issue is whether Brown stated a claim or raised a fact issue with respect to his own claims, not that of non-parties to this litigation. Likewise, the district court correctly disregarded the materials Brown submitted about other businesses, because information pertaining to other businesses is of no relevance to whether Brown's claims are valid as a matter of law, and Brown has no standing to assert the alleged injuries experienced by these businesses. Therefore, the district court correctly rejected alleged complaints against DFS and LCFC by non-party individuals and companies, because the non-party affidavits do not address Brown's causes of action and are irrelevant.

## D. *Breach of Contract*

To recover for breach of contract, the plaintiff must prove that he has suffered some monetary loss. *Prudential Securities, Inc. v. Haughland*, 973 S.W.2d 394, 396-97 (Tex. App. - El Paso 1998, petition denied); *see also Stanley v. Wal Mart Stores, Inc.*, 839 F.Supp. 430, 434 (N.D. Tex. 1993) (". . . simple, obvious, and complete remedy [of a] full refund . . ."). In the present instance, DFS and LCFC sent to Brown a check for the full amount of the disputed charges to his account for the MDHP, and Brown ultimately acknowledged receiving the check. Brown's lack of monetary loss forecloses his ability to recover under a breach of contract cause of action.[3]

---

[3] Because Brown cannot establish the necessary element of compensable injury for his breach of contract cause of action, this court does not even reach the issue of whether DFS breached its contract with Brown when it accepted Goston's representation that she was authorized to accept the MDHP in contravention of Merchant Operating Regulation ("MOR") 1.6.1 titled "Use of Agents" and governing the Rhinestones in Design account. Even if this court were to entertain full treatment of this issue, the district court, based on the applicable law and the record before this court, correctly interpreted the terms of the contract, not

No. 10-20507

### E.  Negligence

It is hornbook law that the threshold element of a cause of action for negligence requires a legal duty.  *See*, *e.g.*, Dan B. Dobbs, *The Law of Torts* 269 (West Group, Volume 1, Chapters 1-18, 2001); *see alsoTimberwalk Apartments Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998).  Brown identified no duty owed to him by DFS or LCFC.  Additionally, to recover for negligence, a plaintiff must show the defendant's negligent act proximately caused him some injury.  *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).  Here, there is no evidence in the record that shows (1) the existence of a duty owed from LCFC or DFS to Brown, (2) if such a duty exists, LCFC or DFS breached that duty, (3) if such a breach occurred, that breach proximately caused Brown injury, and (4) Brown suffered damage.

Likewise, a party cannot be liable in tort merely for breaching a contract. *See DeWitt Cty. Elec. Coop v. Parks*, 1 S.W.3d 96, 105 (Tex. 1999).  Brown attempts to support his breach of contract cause of action for the existence of a tort duty by arguing that DFS was negligent by withdrawing money from Brown's bank account, because Brown did not give that authorization.  However, nothing in the record before this Court suggests that DFS had a duty to verify that Goston, as the person purchasing LCFC services on behalf of Rhinestones in Design, did have the valid authority to do so.  Therefore, the district court correctly dismissed Brown's negligence cause of action.

### F.  Civil Conspiracy

Civil conspiracy is a derivative action dependant on the existence of an underlying tort.  *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).  Brown does not establish damages on his underlying cause of action for negligence and thus, he cannot recover under a conspiracy theory.  Accordingly, the district

---

"beliefs" or misstated "intents" as a matter of law.  *MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*, 995 S.W.2d 647, 650-51 (Tex. 1999).

court correctly ruled that there was no unlawful act for which either DFS or LCFC can be held liable as a participant, and did not err in granting summary judgment against Brown's conspiracy cause of action.

### G.  Texas Deceptive Trade Practices Act

It is the law in the State of Texas that a breach of contract does not amount to a deceptive trade practice.  *See* Tex. Bus. & Comm. Code § 17.45 (2002) (West Supp. 2010); *see also Dura-Wood Treating Co. v. Century Forest Industries, Inc.*, 675 F.2d 745, 756 (5th Cir. 1982); *Ashford Development Co. v. USLife Real Estate Serv. Corp.*, 661 S.W.2d 933, 935 (Tex. 1983); *Rocky Mountain Helicopters, Inc. v. Lubbock County Hosp. Dist.*, 987 S.W.2d 50, 53 (Tex. 1998).  Likewise, "gross unfairness" is a high burden, requiring proof of more than simple unfair advantage.  *Strauss v. Ford Motor Co.*, 439 F.Supp.2d 680, 687 (N.D. Tex. 2006).  "Gross unfairness" is the unfairness that is "glaringly noticeable, flagrant, complete and unmitigated." *Insurance Co. of N. Am. v. Morris*, 981 S.W.2d 667, 677 (Tex. 1998) (quoting *Chastain v. Koonce*, 700 S.W.2d 579, 584 (Tex. 1985).

In the present instance, an LCFC representative called Brown's business to offer to sell the MDHP to Rhinestones in Designs, spoke to Goston as a person who made the representation that she was authorized to make purchases for Brown's business, and sold the MDHP to Rhinestones in Designs.  The district court correctly held that the facts of this case simply do not establish that LCFC took unconscionable actions toward Brown and Rhinestones in Design.

Additionally, the DTPA expressly provides that tender of the full amount of the damages claimed is a complete defense.  Specifically, a complete defense to the DTPA action is established by the tender, within 30 days of receiving written notice of the consumer's complaint, of the full amount of economic damages, mental anguish damages, and expenses, if any, that were reasonably incurred by a consumer. Tex. Bus. & Comm. Code § 17.506(d) (West 2002).  The

purpose of this provision is to "prevent needless litigation[.]"  *Stanley v. Wal
Mart Stores, Inc.*, 839 F.Supp. 430, 434 (N.D. Tex. 1993).

Here, LCFC first attempted to credit Brown's Discovery merchant account,
but Brown had closed it.  LCFC next sent Brown a check in the full amount to
the address on file for Rhinestones in Design and after it was returned as
undeliverable, sent Brown another check to his address in Katy, Texas.  Finally,
LCFC sent Brown a check for the full amount of the disputed charges, which
Brown admits to receiving.

Therefore, the district court correctly granted summary judgment on
Brown's DTPA cause of action.

## *V. Conclusion*

For the reasons set forth above, we AFFIRM the district court's orders
granting the motion to dismiss Brown's cause of action for breach of contract
pursuant to Fed. R. Civ. P. 12(b)(6), as well as the motion for summary judgment
against Brown's remaining causes of action for negligence, conspiracy and DTPA
pursuant to Fed. R. Civ. P. 56.

Accordingly, this court holds as follows:

1.  It is properly within the province for the district court to stay discovery
    pending resolution of dispositive motions, as the court has wide latitude
    to order proceedings in the interest of justice and judicial economy.

2.  The district court did not abuse its discretion when it denied Brown leave
    to amend its breach of contract and DTPA causes of action.

3.  The district court, in its discretion, correctly did not consider Brown's
    submissions of claims by non-parties.

4.  As a matter of law, the district court correctly ruled that Brown failed to
    state a claim against DFS for breach of contract, because Brown has been
    fully-compensated for his loss and cannot establish compensable damages

and DFS provided a full refund of the disputed charges, so Brown has been made whole.

5.    As a matter of law, neither LCFC nor DFS breached a legal duty owed to Brown, so neither LCFC nor DFS is liable for negligence.

6.    The district court correctly granted summary judgment against Brown on the conspiracy claims, because of no underlying tort.

7.    The district court correctly granted summary judgment on Brown's DTPA cause of action.