# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2020

Lyle W. Cayce
Clerk

No. 20-10224
Summary Calendar

Allen Glenn Thomas,

*Plaintiff—Appellant*,

*versus*

Tekle Girma Abebe; Wolder Mariam Aster; Dallas Area
Habitat for Humanity, Incorporated and Dallas
Neighborhood Alliance for Habitat; William D. Hall,
*Trustee*; Neal Tomlins, *Trustee for* F & M Bank Trust
Company; Tarrance L. Hawkins; Cynthia Bryant,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1049

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:[*]

   *Pro se* plaintiff-appellant Allen Glenn Thomas appeals the dismissal

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10224

with prejudice of his claims pursuant to Fed. R. Civ. P. 12(b)(6). Thomas contends that the district court erred in dismissing his claims, denying him a discovery hearing, and denying him an opportunity to amend his complaint. For the reasons stated herein, we AFFIRM.

## I.

Thomas alleges that, while he was in prison, defendant-appellees Tarrance L. Hawkins (his son) and Cynthia Bryant stole the deed to a residential property owned by his mother. According to Thomas, Hawkins subsequently gave or sold the property to Bryant, who sold it to the defendant-appellees Dallas Neighborhood Alliance for Habitat and the Dallas Area Habitat for Humanity, Inc. (hereinafter "the defendant charities"). The defendant charities eventually sold the property to defendants Girma Abebe Tekle and Aster Kifle Woldmariam. Liberally construed, Thomas's complaint asserts claims of fraud, conspiracy to commit fraud, violations of the 5th and 14th Amendments of the U.S. Constitution, and Article I §§ 17, 19 of the Texas Constitution.[1] In response to motions to dismiss filed by the defendant charities and defendants Tekle and Woldmariam, Thomas also alleged that the defendants had violated federal criminal statute 18 U.S.C. § 1001.

The district court, accepting the recommendations of the magistrate judge, granted the motions to dismiss filed by the defendant charities and Tekle and Woldmariam and *sua sponte* dismissed the claims against the remaining, unserved defendants—Hawkins, Bryant, William D. Hall, and Neal Tomlins. The court reasoned that Thomas failed to state claims of fraud

---

[1] For the first time on appeal, Thomas expressly raises a claim under § 12.002 of the Texas Civil Practice and Remedies Code. However, we "will not consider new claims . . . presented for the first time on appeal." *Franklin v. Blair*, 806 F. App'x 261, 263 (5th Cir. 2020) (internal citations omitted).

or conspiracy to commit fraud, and could not bring his constitutional claims against private citizens without any allegations of state involvement. The court also held that Thomas had no private cause of action under 18 U.S.C. § 1001. The court dismissed the claims with prejudice—denying Thomas an opportunity to amend his pleadings.

## II.

"We review a district court's grant of a motion to dismiss *de novo*." *Boyd v. Driver*, 579 F.3d 513, 515 (5th Cir. 2009). In so doing, we accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We review the "denial of leave to amend a complaint under Federal Rule of Civil Procedure 15 for abuse of discretion." *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). A district court is "entrusted with the discretion to grant or deny a motion to amend" and may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). In addition, "it is not reversible error 'in any case where the pleadings, when viewed under the individual circumstances of the case, demonstrate that the plaintiff has pleaded his *best case*.'" *Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 352 (5th Cir. 2011) (quoting *Jacquez v.*

No. 20-10224

*Procunier*, 801 F.2d 789, 791 (5th Cir. 1986) (emphasis in original)).

## III.

The district court reasoned that Thomas failed to plead his fraud claim with the particularity required by FED. R. CIV. P. 9(b). We agree. "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). Thomas's complaint, even liberally construed, fails to satisfy this requirement. Because Thomas's claim of conspiracy to commit fraud is predicated on his fraud claim, it likewise fails. *See Tummel v. Milane*, 787 F. App'x 226, 227 (5th Cir. 2019) (explaining that, under Texas law, "when plaintiffs fail to state a claim for any underlying tort, their claims for civil conspiracy likewise fail").[2]

The district court further found that Thomas's constitutional claims brought pursuant to § 1983 failed because the defendants are private citizens, and Thomas did not allege any involvement by state actors. Section 1983 provides a remedy for constitutional violations that occur "'under color of' state law." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Accordingly, absent any allegation that the defendants were "jointly engaged with state officials in the

---

[2] Thomas contends that the district court failed to accept all pleaded facts as true and relied on evidence outside of the pleading to rule on the motions. However, Thomas cites no evidence of such errors and we find none in the district court's opinion. Relatedly, Thomas contends that the district court erred in denying him an "evidentiary/[d]iscovery hearing." We review the denial of an evidentiary hearing for abuse of discretion. *See In re Eckstein Marine Service L.L.C.*, 672 F.3d 310, 319 (5th Cir. 2012). Given that the district court merely evaluated the sufficiency of Thomas's pleadings pursuant to Rules 12(b)(6) and 9(b), we find no abuse of discretion in denying Thomas an evidentiary hearing.

challenged action," Thomas fails to state a claim under § 1983. *Id.* at 27–28. Thomas's claims under Sections 17 and 19 of the Texas Bill of Rights fail for the same reason. *See Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 89–91 (Tex. 1997) (holding that claims under Article I of the Texas Constitution require state action).

The district court also considered claims under 18 U.S.C. § 1001 raised by Thomas in response to defendants' motions, and correctly held that he did not have a private cause of action under that federal criminal statute. *See Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) ("In order for a private right of action to exist under a criminal statute, there must be 'a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'") (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)); *see also AirTrans, Inc. v. Mead*, 389 F.3d 594, 597 n.1 (6th Cir. 2004) (finding "no right to bring a private action under" 18 U.S.C. § 1001).

Thomas challenges the district court's decision to dismiss *sua sponte* the foregoing claims against those defendants that had not been properly served—Hawkins, Bryant, Hall, and Tomlins. He contends that he sent summons via certified mail to those four defendants and indicates that he received a return receipt from Hawkins. Thomas thus argues that the defendants had been properly served and that the district court should have entered judgment by default against those defendants. However, a review of the record reveals that Thomas never filed proof of service as to any of these defendants. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court" in the form of the "server's affidavit."). "No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court." *Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987). Accordingly, contrary to Thomas's contention, the district court could not have entered judgment against these defendants. *See, e.g., Smith v.*

*Okla. ex rel. Tulsa Cty. Dist. Att'y Office*, 798 F. App'x 319, 321 (10th Cir. 2020) (explaining that, because the plaintiff had not "file[d] a proof of service, . . . the court clerk had no basis to enter a default against the defendants"). In any case, Thomas failed to raise this issue below in his objections to the magistrate judge's recommendations and thus waived the argument. *See F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994) ("If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal.").

Finally, Thomas appeals the district court's denial of an opportunity to amend his pleadings. In dismissing Thomas's claims with prejudice, the district court reasoned that Thomas had "alleged his best case" and no further opportunity to amend was warranted. The court emphasized that, in responding to defendants' motions, Thomas had failed to "specify or clarify the alleged fraud by the moving defendants or against the unserved defendants" and that repleading his constitutional and criminal claims would be futile. Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). However, "[g]ranting leave to amend is not required, . . . if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. We thus find no abuse of discretion in the district court's decision. *See Mayeaux*, 376 F.3d at 425.

## IV.

For the foregoing reasons, we AFFIRM the dismissal of Thomas's claims with prejudice.