**REVISED April 7, 2015**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50942
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2015

Lyle W. Cayce
Clerk

SAURAV PATHRIA,

Plaintiff - Appellant

v.

PHILIP SERWER; STEPHEN C. HARDIES; SUSAN T. WEINTRAUB; LARRY D. BARNES, Associate Dean of the Graduate School of Biomedical Sciences; WILLIAM HALDENWANG; NEAL C. ROBINSON, Chairman of Committee on Graduate Studies, Department of Biochemistry; BRUCE J. NICHOLSON, Chairman of the Department of Biochemistry; DAVID S. WEISS, Dean of the Graduate School of Biomedical Sciences; MICHAEL GARGANO, Vice President for Academic, Faculty and Student Affairs; THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-32

No. 14-50942

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appellant Saurav Pathria was terminated from a biochemistry PhD program at the University of Texas Health Science Center at San Antonio ("UTHSCSA"). In his second suit against the institutional defendant, he also named nine individual defendants and sued for violations of the 14th Amendment, intentional and negligent infliction of emotional distress, defamation and violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. The district court granted defendants' motion to dismiss based on Federal Rules of Civil Procedure 12(b)(1) and (6), and Pathria has appealed. Finding no reversible error of law or fact, we affirm.

First, Pathria has failed adequately to brief most of his contentions, but has utterly failed in respect of the tort claims and alleged Title VI violation. Federal Rule of Appellate Procedure 28(a)(8)(A) and Fifth Circuit Local Rule 28.3(i) require an appellant to brief his contentions by offering legal citations and record citations. "A party who inadequately briefs an issue is considered to have abandoned the claim," *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991), and this rule applies to pro se appellants. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Pathria's response to the court's reasons for dismissing his tort claims against the defendants and his Title VI claim lack any supporting legal authority. Consequently, those issues are waived.

Second, Pathria cannot overcome the district court's conclusions that his pleadings were insufficient to state a claim under the Fourteenth Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against the individual defendants. The stray remarks allegedly made by the defendants were isolated, remote in time from his removal and largely unconnected with the events leading to his dismissal from the PhD program for failure to propose a dissertation topic. Pathria waives his objection to this conclusion by failing to brief it on appeal.

The only remark of potential significance in his brief is Vice President Gargano's "Tandoori chicken" comment made when Pathria asked him to change the academic record to reflect that Pathria resigned rather than was terminated from the program. To allege intentional discrimination for claims under § 1983 for violation of equal protection, Pathria must allege sufficient facts to show that Gargano "singled out a particular group for disparate treatment and selected his course of action at least in part for *the purpose* of causing its adverse effect on an identifiable group." *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) (internal quotation marks omitted).

Assuming *arguendo* that Gargano's comment was related to Pathria's race or national origin, this single instance, standing alone, is insufficient to plausibly suggest that Gargano's decision to deny Pathria's request was motivated by discriminatory intent, as required for 12(b)(6) purposes. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010) (noting that stray remarks are insufficient to establish discrimination absent evidence that the remarks were related to, or made proximate in time to, the adverse decision). Pathria's pleadings establish, to the contrary, that the decision to deny Pathria's request was not Gargano's alone. It was the members of the graduate committee, including Gargano, who decided not to change Pathria's dismissal into a resignation. Additionally, Pathria's request came more than a year after he was dismissed in September 2012, which was six months after he had offered, but not carried through with, the process of

resigning from the program.  The dismissal itself occurred after Pathria had received an additional six months of pay from UTHSCSA without performing services.  In light of these facts, Gargano's alleged discriminatory comment does not move Pathria's claim of purposeful discrimination "across the line from conceivable to plausible." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Finally, although Pathria on appeal offers various vague assertions that non-Indian students were treated more favorably than he was while other Indian students were discriminated against, none of these assertions appeared in his district court pleadings and we must disregard them on appeal. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

For these reasons, the district court's judgment of dismissal is **AFFIRMED**.