# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2021

Lyle W. Cayce
Clerk

No. 20-10922

KEMONE RODGERS,

*Plaintiff—Appellant*,

*versus*

MICHELLE SMITH, *Care Manager*; KEVELYN JENKINS, *Supervisor*; OTHERS, *employed with* BRIDGE STEPS *in their official capacity*; BRIDGE STEPS,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-181

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Kemone Rodgers, proceeding *pro se*, appeals the dismissal of his Title VI race discrimination claim and other claims against Bridge Steps, a non-profit organization receiving federal funds, as well as some of its employees

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10922

(collectively, "Defendants"). Rodgers principally claims Defendants' alleged discrimination deprived him of federal housing assistance for which he was otherwise eligible. We review a dismissal for failure to state a claim *de novo*. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Even construing Rodgers' filings liberally, we agree with the district court that he failed to allege sufficient facts to support a discrimination claim. At most, Rodgers alleges that a Bridge Step employee once made a remark to him implicating race, at a time removed from the deficient assistance Rodgers alleges with his benefits applications. But Title VI allows neither personal liability claims against individuals nor vicarious liability claims against employers for the acts of their employees. *See Shotz v. City of Plantation*, 344 F.3d 1161, 1169 & n.11 (11th Cir. 2003) (collecting cases on individual liability); *Gesber v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998) (vicarious liability). Moreover, the remark Rodgers alleges does not plausibly suggest any Defendants were motivated by discriminatory intent. *See Pathria v. Serwer*, 599 F. App'x 176, 177 (5th Cir. 2015).

Furthermore, Rodgers' claim based on 18 U.S.C. § 1012 is misplaced, because that statute only criminalizes certain conduct against the Department of Housing and Urban Development. Finally, we see no abuse of discretion in the district court's declining to exercise supplemental jurisdiction over Rodgers' state-law claims. *See* 28 U.S.C. § 1367(c); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (citation omitted).

AFFIRMED.